SCHLITTER v SECOND NATIONAL BANK OF SAGINAW

Docket No. 77-4217. Submitted March 6, 1978, at Grand Rapids.—
Decided May 9, 1978.

Linda Schlitter purchased a motorcycle and financed it through
the Second National Bank of Saginaw. An agreement was
executed between the parties whereby the bank was given a
security interest in the motorcycle. After an alleged default in
payments by Linda Schlitter, allegedly sufficient to constitute a
breach of the security agreement, agents of the bank repos-
sessed the motorcycle. Linda Schlitter commenced an action
against the bank seeking treble damages for the defendant's
violation of the Collection Practices Act, damages for the
amount of her interest in the motorcycle and actual and
consequential damages for the defendant's forced entry through
a locked and closed door of plaintiff's dwelling. Summary
judgment for defendant bank on the count which alleges a
violation of the Collection Practices Act, Ogemaw Circuit Court,
Carl L. Horn, J., holding that the strictures of the Collection
Practices Act do not extend to the defendant. Plaintiff appeals.
*Held:*

State and national chartered banks are not excluded from
the operation of those portions of the Collection Practices Act
which prohibit certain conduct.

Reversed.

BANKS AND BANKING—COLLECTION PRACTICES ACT—WORDS AND
PHRASES—STATUTES.

State and national chartered banks may be excluded from the
licensing requirements of the Collection Practices Act, but they
are not excluded from the operation of the act entirely; those
banks still fall within the definition of a "person" as that term
is defined by the act and they are prohibited from engaging in
certain conduct with regard to collection practices (MCL
445.211 *et seq.;* MSA 19.655[21] *et seq.).*

REFERENCE FOR POINTS IN HEADNOTE
10 Am Jur 2d, Banks § 694.

*Raymond L. King* (by *Kathryn J. Root),* for plaintiff.

*Harry M. Titus,* for defendant.

Before: M. F. CAVANAGH, P. J., and D. E. HOL-BROOK and BEASLEY, JJ.

D. E. HOLBROOK, J. Linda Schlitter purchased a 1975 Honda motorcycle from Linwood Cycle Sales paying $258.38 as a down payment and financing the balance with defendant. An agreement was executed between the parties which gave defendant a security interest in the motorcycle. Defendant alleges a default in payment by plaintiff sufficient to constitute a breach of the security agreement.

Plaintiff claimed, in a suit filed subsequent to defendant's repossession, that when the motorcycle was repossessed defendant's agents entered her house without permission, while she was away, and took the motorcycle from inside her house after using force to gain entry through a closed and locked door. However, defendant denies this and asserts that the motorcycle was removed from a "storm porch" attached to plaintiff's mobile home and that at no time did defendant's agents enter the home itself.

In count I of the complaint filed by plaintiff, it was alleged that defendant violated the Collection Practices Act, MCL 445.211 *et seq.;* MSA 19.655(21) *et seq.* Defendant brought a motion for summary judgment as to count I of plaintiff's complaint pursuant to GCR 1963, 117.2(1), claiming that defendant was exempt from the act.

The circuit court for Ogemaw County granted defendant's motion for summary judgment, hold-

ing that the Collection Practices Act did not apply to it.

The question raised by plaintiff on appeal is whether defendant is subject to those portions of the act applicable to a "person" by virtue of the definition and use of the word "person" contained in the act. Under the Collection Practices Act the terms "person" and "collection agency" are distinguished. MCL 445.212; MSA 19.655(22). "Person" is defined as "an individual, partnership, association, corporation, voluntary association, trust, or other legal entity". MCL 445.212(a); MSA 19.655(22)(a). The term "collection agency" is given a more narrow definition than the term "person", and in addition certain entities are excluded from the definition of "collection agency". MCL 445.212(b); MSA 19.655(22)(b), MCL 445.213; MSA 19.655(23).

It was the trial court's opinion that § 3 of the act specifically provided that state and national chartered banks were excluded from the provisions of the act and that count I of plaintiff's complaint did not state a cause of action against defendant. The court therefore granted defendant's motion for summary judgment as to count I.

Defendant relies on Attorney General Opinion No. 5227 issued September 16, 1977, in which the Attorney General stated that Federally chartered and state banks are not required to be licensed under the Collection Practices Act. A "person" is required to obtain a license when operating a "collection agency" or engaging in the business of a "collection agency". MCL 445.214(1); MSA 19.655(24)(1).

While state and national chartered banks may be excluded from the licensing requirements of § 4 of the act, those banks are not excluded from the

operation of the act entirely. Those banks still fall within the definition of a "person" within that meaning under the act and are prohibited from engaging in certain conduct with regard to collection practices.

Under §§ 18 and 19 of the act, MCL 445.228; MSA 18.655(38), MCL 445.229; MSA 19.655(39), a "person" is prohibited from doing the acts set out therein. This is not limited strictly to collection agencies, but includes those who come within the definition of "person", which is all-encompassing. OAG, No. 4954 (April 15, 1976).

In its opinion the trial court, in granting defendant's motion for summary judgment, held that:

"Pursuant to GCR 117, it is the opinion of the Court that said count does not state a cause of action against the Defendant. The Court finds that Act No. 361 of the Public Acts of 1964, entitled 'Collection Practices Act', does not apply to this Defendant. Section 3 of that act, being Section 445.213, MCLA, specifically provides that state and national chartered banks are excluded from the provisions of the said act."

This holding of the trial court was erroneous. While state and national chartered banks are excluded from the licensing requirements of the act, they are not excluded from the operation of §§ 18 and 19 which prohibit certain conduct by a "person". Since the conduct complained of by plaintiff may be within the provisions of § 19, she has stated a cause of action against defendant.

Defendant also asserts that plaintiff's appeal is premature since the question of whether defendant's repossession of the motorcycle constituted harassment and oppression under § 19 of the act is a question of fact that has to be decided at the time of trial. Therefore, defendant argues that the

issue raised on appeal here may become moot. However, defendant overlooks the fact that the trial court has already ruled that defendant is not subject to the provisions and operation of the act. Before plaintiff may maintain her action under the act, it must be shown that defendant comes within its provisions. Therefore, plaintiff's appeal of the trial court's order is timely.

Since defendant comes within the definition of "person" as it is used in the Collection Practices Act, the trial court improperly ruled that the act did not apply to it. Therefore, the final judgment of the trial court granting summary judgment in favor of defendant was erroneous.

Reversed. Costs to plaintiff.